IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MARIO CALIXTE,** :
:
    **Petitioner,** : **CIVIL NO. 3:CV-03-1685**
:
**v.** : **(JUDGE CAPUTO)**
:
**JOHN ASHCROFT, et al.,**[1] :
:
    **Respondents.** :

## ORDER

Petitioner, Mario Calixte (A75 969 643), a native and citizen of Haiti, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. On October 19, 1999, an Immigration Judge located in Philadelphia, Pennsylvania, ordered Petitioner removed from the United States to Haiti. Petitioner claims that he is entitled to withholding of removal under 8 U.S.C. § 1182(h), based upon a claim under the Convention Against Torture[2] ("CAT"). Petitioner has been granted a stay of removal (Doc. 3) by this Court.

Presently pending is Respondents' motion to transfer this case to the United States Court of Appeals for the Third Circuit (Doc. 10.) Attached to the motion is a certificate of concurrence of Petitioner's counsel (Doc. 10 at 4.) This Court no longer has jurisdiction to

---

[1] Petitioner originally named former United States Attorney General John Ashcroft, former Commissioner of the Immigration and Naturalization Service ("INS") James W. Ziglar, former District Director of the INS Kenneth Elwood, and Theodore Nordmark, as Respondents. In immigration habeas proceedings, the proper Respondent is the Bureau of Immigration and Customs Enforcement's Interim Field Office Director for Detention and Removal of the District where the alien is detained.

[2] The United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, G.A. Res. 39/46, 39th Sess., U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984), adopted by Congress under the Foreign Affairs and Restructuring Act ("FARRA") of 1988, Pub.L.No. 105-277, 122 Stat. 2681-822.

hear habeas petitions challenging final orders of removal.  Thus, Respondents' motion will be granted, and this Court will transfer this case to the Third Circuit Court of Appeals.

On May 11, 2005, the Real ID Act of 2005 was signed into law by President George W. Bush.  Pub. L. No. 109-113 (May 11, 2005).  Section 106 of the Real ID Act of 2005 amends section 242 (8 U.S.C. § 1252) of the Immigration and Nationality Act (INA), so as to remove jurisdiction from federal district courts to hear habeas petitions challenging final orders of removal, and to transfer such cases to the appropriate court of appeals as a petition for review.  Real ID Act § 106(a)(1) (adding INA § 242(a)(4) (to be codified at 8 U.S.C. § 1252 (a) (4))).  The proper venue for a petition of review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings.  8 U.S.C. § 1252(b)(2).  Petitioner's proceedings were completed by an Immigration Judge in Philadelphia, Pennsylvania.  Thus, the appropriate court for transfer of this case is the United States Court of Appeals for the Third Circuit.

**ACCORDINGLY, THIS 29th DAY OF JUNE, 2005, IT IS HEREBY ORDERED THAT:**

1. Respondents' motion (Doc. 10) , with concurrence of Petitioner, to transfer the above-captioned case to the United States Court of Appeals for the Third Circuit, is **GRANTED**, and the Clerk of Court is directed to transfer this case to the United States Court of Appeals for the Third Circuit as a petition for review pursuant to the Real ID Act of 2005.

2. The parties shall make all future filings with the United States Court of Appeals for the Third Circuit.

3. The stay of removal previously entered in this case (Doc. 3) shall remain in place until further Order of the Court of Appeals.

4. The Clerk of Court shall transfer the entire record in this case to the United States Court of Appeals for the Third Circuit.

5. Pursuant to the Special Notice from the United States Court of Appeals for the Third Circuit, dated June 16, 2005, a copy of which is attached to this Order, within ten (10) days of the case being opened in the Court of Appeals, the parties shall inform the clerk whether the record transmitted by this Court is sufficient for purposes of the petition for review, or whether additional documents are necessary.

6. The Clerk of Court is directed to close this case.

  /s/ A. Richard Caputo  
A. RICHARD CAPUTO  
United States District Judge